#### UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULETTE ST. JEAN,<br><br>    Plaintiff,<br><br>v.<br><br>CAMBRIDGE SECURITY SERVICES CORP. and MISHELBEN DOSHI, *In Her Individual and Official Capacities*,<br><br>    Defendants. | Case No.: 1:19-cv-11453-JGK<br><br>Civil Action<br><br>**DISCOVERY CONFIDENTIALITY ORDER** |

  It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

  1. This Stipulation governs the handling of all information contained in documents, electronically stored information, deposition testimony, deposition exhibits, answers to interrogatories, requests for admission, trial testimony, medical records, and other written, recorded, or graphic matter ("Discovery Materials") designated as Confidential pursuant to this Stipulation.

  2. Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, including but not limited to medical and/or financial information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  Any party to this litigation or any third party covered by this Order, who

1

produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

3. Any party to this litigation and any third party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including, without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY — SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

4. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

5. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

   d. The Court and court personnel;

   e. Any deponent or trial witness may be shown or examined on any information, document or thing designated Confidential during his or her deposition or during his or her trial testimony or during any preparation for deposition or preparation for trial;

   f. Jury member;

   g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

   h. The parties. In the case of parties that are corporations or other business entities, "party" shall mean any members of the Litigation Control Group, all in-house counsel and their paralegals and administrative assistants, relevant human resources

executives and labor relations executives and their administrative assistants, the relevant insurance carrier and its designed claim representatives, and anyone else at the insurance carrier who needs to know information necessary to evaluate the litigation, any outside auditors of Defendants, Plaintiff's former supervisors and managers (whether current or former employees), and executives, directors, officers, and employees who are required to participate in decisions with reference to this lawsuit.

6. Confidential material shall be used by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4 above during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, each party shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

8. Material produced and marked as Attorneys' Eyes Only may be disclosed only to

outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

9. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.2, before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

10. If the need arises during trial or at any Hearing before the Court for any party to

disclose Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Discovery Confidentiality Order.

12. When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. Nothing contained in this order shall affect the right, if any, of a Producing Person to make any other type of objection, claim, or other response to discovery requests, including,

without limitation, interrogatories, requests for admission, requests for production of documents, or questions at deposition. In producing Discovery Materials protected by this Stipulation, a Producing Person does not concede the relevance or materiality to this action of the documents and information provided. Nor shall this Stipulation be construed as a waiver of any attorney-client privilege, any work-product doctrine, or any other applicable privilege or doctrine. Inadvertent production of any such protected document shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such document or any other document, or with respect to the subject matter thereof, or with respect to the information contained therein, nor shall such inadvertent production waive any right to object to the use of any such document or the information contained therein during any subsequent proceeding. Upon notification that such disclosure was inadvertent, the document(s) and any copies thereof shall be returned to the Producing Person immediately.

14. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

15. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

16. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written

stipulation of the parties filed with the Court.

17. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source if requested, all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

    a. Counsel may retain their work product, such as pleadings, notes, correspondence, and memoranda, that contains or refers to "Confidential" information, provided that all such "Confidential" information shall remain subject to this Stipulated Protective Order and shall not be disclosed to any person except as permitted by this Stipulation and Order.

    b. Notwithstanding the foregoing, the Receiving Party may retain such copies of the "Confidential" information (including "Confidential" information stored on electronic, magnetic, or similar media) in accordance with policies and procedures implemented in order to comply with legal and regulatory requirements and other legal and compliance purposes.

18. The provisions of this Stipulation shall, absent written permission of the Producing Person or order of the Court, continue to be binding after the conclusion of this action. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this civil action.

19. The limitations contained in this Stipulation shall not affect the parties' right in the future to seek confidential treatment for Discovery Materials that do not fall within the scope of paragraph 3 of this Stipulation.

The undersigned consent to the form and entry of the foregoing Order

By:  _/s/ Yusha D. Hiraman_____          _/s/ Harris S. Freier___
Gregory Calliste, Jr., Esq.              Harris S. Freier, Esq.
Yusha Hiraman, Esq.                      Genova Burns LLC
Phillips & Associates,                   494 Broad Street
Attorneys at Law, PLLC                   Newark, NJ 07102
45 Broadway, Suite 430                   Phone: 973-533-0777
New York, New York 10006                 Fax: 973-533-1112
Phone: 212-248-7431                      Attorneys for Defendants
Fax: 212-901-2107
Attorneys for Plaintiff

Dated: April 13, 2021                    Dated: April 13, 2021

The Court reserves the right to amend this Order at any time.
**IT IS SO ORDERED.**

Date : __April 14, 2021__

/s/ John G. Koeltl
John G. Koeltl
U.S.D.J.

# EXHIBIT A

| | |
|---|---|
| PAULETTE ST. JEAN, | Case No.: 1:19-cv-11453-JGK |
| Plaintiff, | Civil Action |
| v. | **AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |
| CAMBRIDGE SECURITY SERVICES CORP. and MISHELBEN DOSHI, *In Her Individual and Official Capacities*, | |
| Defendants. | |

I, _____, being duly sworn, state that:

1. I have carefully read and understand the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

2. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts or indices of Confidential Information disclosed to me.

3. I will limit the use of Confidential Material disclosed to me solely for the purpose of this action.

4. No later than the final conclusion of the case, I will return all Confidential Material

and summaries, abstracts and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          _____
                                                                        NAME

11